**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER BROWN, Jr., <br><br>           Plaintiff - Appellant, <br><br>   v. <br><br> WOLFE, Police Officer, in his/her individual capacity; et al., <br><br>           Defendants - Appellees. | No. 10-55500 <br><br> D.C. No. 5:08-cv-00292-ODW-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 18, 2012[**]

Before:     LEAVY, PAEZ, and NGUYEN, Circuit Judges.

    Walter Brown, Jr., a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003).  We affirm.

The district court properly concluded that Brown's excessive force claims are *Heck*-barred because success on Brown's claims would necessarily imply the invalidity of his conviction for resisting arrest, as that conviction was based on resistance in response to defendants' allegedly excessive force.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (§ 1983 action that necessarily implies the invalidity of plaintiff's conviction must be dismissed unless the conviction has been invalidated); *People v. Simons*, 50 Cal. Rptr. 2d 351, 355 & n.5 (Ct. App. 1996) (defendant cannot be convicted of resisting arrest under California law unless the officer was acting lawfully at the time); *see also Beets v. County of Los Angeles*, 669 F.3d 1038, 1045 (9th Cir. 2012) ("Where a defendant is charged with a single-act offense but there are multiple acts involved each of which could serve as the basis for a conviction, a jury does not determine which specific act or acts form the basis for the conviction.").

The district court did not abuse its discretion by denying Brown's motion to reconsider its summary judgment because Brown failed to establish any basis for reconsideration.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5

10-55500

F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth grounds for reconsideration).

All pending motions are denied.

**AFFIRMED.**